**WHITE PINE RANCHES, a partnership, Plaintiff and Appellant,**

v.

**SNYDERVILLE BASIN SEWER IM-PROVEMENT DISTRICT; Summit County; Ron Perry, individually; Gerald Young, individually; Summit County, By and Through its Commissioners; Stan Strebel, individually and as Planning Director of Summit County, Defendants and Appellees.**

Nos. 890394, 890395.

Supreme Court of Utah.

Oct. 24, 1991.

Robert M. Felton, Daniel L. Berman, Patricia A. O'Rorke, and Blake S. Atkin, Salt Lake City, for plaintiff and appellant.

Don R. Strong, Springville, for defendant and appellee.

Franklin P. Andersen, Coalville, and Craig L. Barlow, and Jody K. Burnett, Salt Lake City, for Summit County.

HOWE, Associate Chief Justice:

In these two consolidated appeals, plaintiff White Pine Ranches appeals from a summary judgment granted to defendant Snyderville Basin Sewer Improvement District (Snyderville) and from an order denying reconsideration.

Plaintiff petitioned Summit County for a zoning change to permit the residential development of land which it owned in that county. Summit County granted the change upon the condition that plaintiff connect its development to defendant's sewer system. The closest sewer line lay 1.3 miles away. The county left to Snyderville the decision as to how the costs of the line extension would be allocated. Eventually, plaintiff and Snyderville entered into a sewer extension agreement which set out the terms of their relationship, the specifications for the line, and provisions for allocation of the cost of construction. Snyderville anticipated that there would be further development in the area and consequently required the installation of pipe twelve inches in diameter instead of the minimum-sized pipe of eight inches. Snyderville agreed to pay $11,000, which was the difference in the cost between eight-

inch and twelve-inch pipe. Snyderville anticipated that the twelve-inch line could eventually serve 3,500 residences. Under the agreement, all other costs of construction were to be borne initially by plaintiff. However, as additional hookups were made within the ten-year period after construction, i.e., from 1983 to 1993, plaintiff could receive partial reimbursement. After the ten-year period, Snyderville would collect and retain all connection fees. Plaintiff, under protest, constructed the 1.3–mile line at a cost of $259,000. Of the approximately sixty acres owned by plaintiff it proposed to develop only half, in six five-acre parcels. Therefore, for these six lots, the cost per lot was $43,000.

Subsequently, plaintiff filed a suit against Summit County and Snyderville in the United States District Court for the District of Utah. The complaint alleged that the two defendants were co-conspirators who violated both federal and state antitrust statutes and that they had deprived plaintiff of certain constitutional rights protected by 42 U.S.C. § 1983 and guaranteed by the Utah Constitution. That case terminated in a summary judgment in favor of Summit County and Snyderville. The judgment was final as to all federal claims, but the court did not exercise pendent jurisdiction and dismissed plaintiff's state claims without prejudice.

Shortly thereafter, plaintiff filed the instant action against Summit County and Snyderville, alleging in its complaint nine causes of action. On defendants' motion, the trial court dismissed two of the causes of action on the ground that the claims were duplicative of claims made in the federal action which had been disposed of by the summary judgment. Still later, both defendants moved for summary judgment on the remaining causes of action; the motion was granted in favor of both defendants. Plaintiff appeals to this court. After filing its appeal, plaintiff settled with Summit County. We therefore only consider the propriety of the summary judgment awarded to defendant Snyderville.

In its motion, Snyderville urged that it be granted on two grounds: (1) that plaintiff had not presented its claims to Snyderville within one year after they arose as required by the Utah Governmental Immunity Act, Utah Code Ann. § 63–30–13; and (2) that all of the remaining causes of action alleged in plaintiff's complaint not disposed of by the earlier motion to dismiss were, in fact, based on a theory of co-conspiracy between Summit County and Snyderville and that the summary judgment granted in the federal court disposed of all such claims. In its order granting summary judgment, the trial court did not specify the grounds on which the order was based.

■■■ Clearly, plaintiff's remaining causes of action are not barred by the notice requirement of the Governmental Immunity Act. This court held in *Thomas v. Clearfield City*, 642 P.2d 737, 739 (Utah 1982), that the operation of a sewer system is not a "governmental function" which qualifies for immunity under the Act. Subsequently, in *Dalton v. Salt Lake Suburban Sanitary District*, 676 P.2d 399, 400 (Utah 1984), we held that section 63–30–13, which requires the presentation of a claim within one year, did not apply to sewer districts.[1] The summary judgment therefore cannot be sustained on the ground of governmental immunity of the sewer district.

■ The remaining causes of action alleged by plaintiff in its complaint are not precluded by the grant of summary judgment in the federal action. Despite Snyderville's argument to the contrary, the summary judgment in the federal action determined only that there was no concerted action between the sewer district and Summit County which violated federal antitrust statutes and deprived plaintiff of its constitutional rights in violation of 42 U.S.C. § 1983. The federal court did not rule on any other claims and expressly dismissed them without prejudice.

**1.** In 1987, after this case arose, the legislature amended section 63–30–13 to require the timely filing of a notice of claim irrespective of whether the function giving rise to the claim is characterized as governmental. The amendment, of course, does not apply retroactively.

We therefore conclude that the trial court did not reach and did not rule upon the sufficiency of the first, fifth, sixth, seventh, eighth, and ninth causes of action pleaded in plaintiff's complaint, which include (1) defendant lacks statutory power to impose all capital costs (except for $11,-000 paid by the sewer district) upon plaintiff developer; (2) under *Banberry Development Corp. v. South Jordan City,* 631 P.2d 899, 903–04 (Utah 1981), defendant sewer district must demonstrate that the imposition on plaintiff of virtually all the costs of extending the sewer line was reasonable under the circumstances, (3) under an applicable county ordinance and a sewer district resolution, plaintiff's development was not required to be connected to the sewer system; and (4) the imposition of the cost of the line upon plaintiff violated its rights to due process and equal protection of the law and constituted a taking of property without just compensation, all in violation of the Utah Constitution.

The summary judgment in favor of defendant is reversed, and the case is remanded to the trial court for further proceedings.

HALL, C.J., and STEWART, DURHAM and ZIMMERMAN, JJ., concur.